LOBRANO, Judge.
The simple issue in this appeal is whether the trial court correctly granted plaintiff’s motion for summary judgment.
Plaintiff, Benson Motor Company (Benson) filed suit against Jean Abraham to recover the balance of the purchase price on the sale of a 1987 Mercedes automobile. The petition alleges that Abraham signed the purchase order for the vehicle, accepted delivery of the vehicle, and had same titled in her name. The sales price was $81,-525.00. There is a remaining balance of $72,476.50. The vehicle is presently held by Benson under a writ of sequestration.
First, Abraham filed exceptions of failure to join a necessary party, namely Ark Oil Group, Ltd. (Ark) and its president, Mr. Khan. In that exception, she asserts that Khan and/or Ark were the true purchasers of the vehicle, and because the vehicle was a gift from Khan, the purchase order and title were placed in her name to avoid double taxation by the state. The trial court overruled that exception. Abraham then filed an exception for failure to join an indispensable party asserting the same argument. She then filed an answer in the form of a general denial.
Benson filed a motion for summary judgment asserting that there were no material issues of fact or law. In support thereof they submitted the affidavit of Richard Hood, their president, who stated that on September 30, 1987 Abraham purchased the vehicle, that it was registered in her name, and that the balance of the purchase price was not paid. In opposition, Abraham submitted her affidavit, the affidavit of Khan, and excerpts of her deposition. In essence, her opposing documentation states that the vehicle was purchased by Khan as a gift for her, that the payments made to Benson were made by Khan, and that the purchase order was put in her name for the purpose of accomplishing the gift and avoiding the double tax.
The trial court granted Benson’s motion, and rendered judgement against Abraham for the unpaid balance of the purchase price, plus attorney fees in the amount of $11,000.00. The court maintained the sequestration of the vehicle, and ordered it sold.
Abraham appeals asserting the trial court erred because there exists the genu *469 ine issue of who is the correct purchaser of the vehicle and thus liable for its purchase price. She also asserts error in the awarding of attorney fees.
It is well settled in our jurisprudence, and needs no cited authority, that the mover in a motion for summary judgement has the burden to show that there is no genuine material factual dispute,' and that as a matter of law, he is entitled to a judgment. The summary judgment motion may not be used as a substitute for a trial on the merits, and even though the movers motion may appear to be convincing of his position, if a factual or legal issue, germane to the outcome still exists, a trial is necessary. Equally important is the fact that the opponent must not merely rely on his pleadings, but must submit countervailing affidavits, .depositions or other documentation to show the existence of genuine factual or legal issues.
In this case it is undisputed that the purchase order is in Abraham’s name, that she signed, it, and that the title is registered in her name. It is also undisputed that the $1,000.00 partial payment was made by check signed by Khan as president of Ark, and that a check for the balance of the purchase price, which was subsequently returned N.S.F., was also signed by Khan. Two months after the purchase date, a $10,000.00 partial payment was also made by Khan as Ark’s president.
Considering these facts, we determine that Abraham’s argument, at best, substantiates that Khan and/or Ark are indebted jointly with her for the purchase price. Abraham is correct that parol evidence can vary the written agreement. La. C.C. Art. 1848. However, assuming her assertions to be correct, they will not absolve her from liability, only establish that Khan and/or Ark are joint obligors with her.
Abraham does not deny that she signed the purchase order, accepted delivery and had the vehicle titled in her name. The purchase order is an agreement to purchase a Mercedes for the price of $81,-525.00. She consented to its terms. Others may be liable with her, but there is no factual issue about her liability. We do find, however, that the trial judge erred in the award of attorney fees.
It is well settled that attorney fees are not recoverable unless specifically authorized by statute or contract. Quealy v. Paine, Webber, Jackson & Curtis, 475 So.2d 756 (La.1985). Benson asserts that attorney fees are due pursuant to the provisions of La.R.S. 9:2781, the open account statute. That statute provides, in pertinent part:
“(A) When any person fails to pay an open account within fifteen days after setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim....”
We have reviewed the record and determine that there is no evidence to support compliance with the above statute. Although Benson attaches to their appellate brief a copy of a letter they sent to Abraham demanding payment, that is not part of the record. Furthermore, there is no evidence which shows Abraham ever received the demand letter. And, assuming that she did receive the letter, we note it was dated February 17, 1988 and the suit was filed February 26, 1988, less than the minimum fifteen days. For all of those reasons, we reverse the award of attorney fees.
For the reasons assigned, the award of attorney fees in favor of Benson is reversed. In all other respects, the judgment is affirmed.
REVERSED IN PART, AFFIRMED IN PART.
PLOTKIN, J., dissents with reasons.